IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Petitioner,

v.                                                              No. 20-cv-965-KG-JFR

ROBIN BORNE, *et al.*,

    Respondents.

## ORDER DENYING POST-JUDGMENT MOTION

THIS MATTER is before the Court on Petitioner's Motion to Appoint Counsel. (the "Motion"). (Doc. 5). Being sufficiently advised, the Court finds that the Motion is not well taken and should be denied.

This case commenced on September 21, 2020, with the filing of Petitioner's Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus. (Doc. 1). On September 24, 2020, the Court entered an Order to Cure Deficiency, requiring Petitioner to pay the $5.00 filing fee or submit an application to proceed in forma pauperis within thirty days. (Doc. 2). Petitioner failed to comply with the Court's order, and on January 8, 2021, the Court entered a Memorandum Opinion and Order of Dismissal and a Judgment dismissing the Petition without prejudice under Fed. R. Civ. P. 41(b). (Docs. 3, 4).

Nearly ten months later, on November 5, 2021, Petitioner filed the present Motion requesting that the Court appoint counsel in this case. Based on the time of its filing and the fact that it essentially seeks relief from the final judgment to allow Petitioner to prosecute this case through counsel, the Court construes the Motion under Fed. R. Civ. P. 60(b). *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991) (Post-judgment motions filed after the timeframe designated

in Rule 59(e) are usually construed under Rule 60(b)).

Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Relief from a judgment under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

The substance of the Motion is a single sentence: "Please appoint counsel in [this case.]" the Motion does not provide a basis for the "extraordinary" relief available under Rule 60(b). The Motion shall be denied accordingly.

If Petitioner wishes to pursue federal habeas relief, that is his choice, but he must do so by filing a new petition. The Court will send a petition form to him at his address of record.

IT IS THEREFORE ORDERED that:

(1) the Motion (Doc. 5) is DENIED; and

(2) the Clerk's office shall mail a blank 28 U.S.C. 2254 Petition form to Petitioner.

_____
UNITED STATES DISTRICT JUDGE